UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

DEBORAH PARKER, et al.,

        Plaintiffs,

  vs.

COMMISSIONER OF SOCIAL
SECURITY, et al.,

        Defendants.

------------------------------------------------------

CASE NO. 5:16-CV-278

OPINION & ORDER
[Resolving Doc. 11, 19, 21, 22]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On February 5, 2016, Plaintiff Deborah Parker filed in this Court to appeal the denial of her Social Security and Disability benefits.[1] Four months later, Plaintiff Parker amended her complaint, adding a corporate plaintiff, Special Care Facilities, Inc., and five defendants: the Ohio Department of Developmental Disabilities, the Northeast Ohio Network, the Stark County Board of Developmental Disabilities, the Summit County Board of Developmental Disabilities, and the Trumbull County Board of Developmental Disabilities.[2]

The Amended Complaint alleges that Plaintiff owned and operated Special Care Facilities, Inc. to care for individuals with mental illness.[3] The Amended Complaint alleges that each of these five defendants failed to pay Special Care Facilities, Inc. for services rendered between 1998 and 2008.[4]

The Court *sua sponte* strikes the amended complaint. This Court lacks jurisdiction over facially state-law claims unrelated to Plaintiff Parker's Social Security appeal.[5]

---

[1] Doc. 1.
[2] Doc. 12.
[3] *Id.*
[4] *Id.*
[5] *See* 28 U.S.C. § 1367(c).

Case No. 16-cv-278
Gwin, J.

Plaintiff's Amended Complaint presents numerous other concerns.  First, these state claims for money damages appear to be time barred.[6]  Second, Special Care Facilities, Inc. is a corporation, and it must be represented by counsel in federal court.[7]  Plaintiff Parker cannot represent the corporation.  Third, Special Care Facilities, not Plaintiff Parker, is allegedly owed money from the newly-added Defendants.  If Special Care Facilities cannot remain a plaintiff because it is not represented by counsel, the claims against the newly-added defendants must be dismissed as well.

Finally, it appears that Plaintiff has previously pursued these exact claims and lost in other lawsuits in this Court.[8]  Plaintiff cannot use her Social Security appeal to relitigate the same claims.

The Court *sua sponte* strikes the amended complaint.[9]  Plaintiff's original Social Security appeal remains.  She may proceed with that claim alone.

**IT IS SO ORDERED.**

Dated:  July 25, 2016.                                  *s/        James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE

---

[6] Contract claims must be brought within six years.  Ohio Rev. Code § 2305.07.  The time period is even shorter for written contracts.  Ohio Rev. Code § 2305.06.

[7] *Ginger v. Cohn,* 426 F.2d 1385, 1386 (6th Cir.1970).

[8] *Parker v. Stark County Board of Mental Retardation and Developmental Disabilities and Northeast Ohio Networks*, 01-cv-1974 (N.D. Ohio); *Parker v. Trumbull County Board for Developmental Disabilities*, 07-cv-2874 (N.D. Ohio); *Parker v. Summit County Board of Mental Retardation & Developmental Disabilities*, 07-cv-3601 (N.D. Ohio); *Parker v. Stark County Board of Mental Retardation and Developmental Disabilities*, 07-cv-3602 (N.D. Ohio), *Parker v. Ohio Department of Developmental Disabilities*, 07-cv-3652 (N.D. Ohio).

[9] The two pending motions to dismiss and Plaintiff's motions for extensions of time are now moot.  Doc. 11; Doc. 19; Doc. 21; Doc. 22.