IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH A. PARKER, | ) | CASE NO. 5:16 CV 278 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |

Before me by referral[1] is Deborah A. Parker's *pro se* action for judicial review of a decision of the Commissioner of Social Security denying her application for non-disability retirement income benefits.[2] The matter now at bar is another motion for extension of time and for appointment of counsel.[3]

Since the filing of this matter in February 2016 - and since the amended complaint submitted on June 2, 2016 was stricken in July 2016 - Parker has sought multiple extensions of time[4] from the deadline imposed by my procedural order[5] for filing her brief in support of her claim.

---

[1] The matter was referred to me under Local Rule 72.2 in a non-document order entered on March 23, 2016 by United States District Judge James S. Gwin.

[2] ECF # 1.

[3] ECF # 35.

[4] ECF ## 25, 28, 31, 33.

[5] ECF # 24.

On April 4, 2017, the Court granted Parker's third request for an extension of time in which to file her brief, until May 4, 2017.[6] As part of the amended procedural order the Court stated that no further extensions will be granted and failure to comply with the deadlines will render the entire matter liable to dismissal for lack of prosecution.[7] That order also denied her request for appointment of counsel, and thoroughly explained the reasons.[8]

First, Parker has offered no relevant basis for reconsidering my order denying her the appointment of counsel in this case. Her attempt to claim that the American Disabilities Act entitles her to an appointment of counsel in this case is both novel and unsupported. Thus, to the extent that the current motion is one for reconsideration of my earlier denial, I deny the motion.

Further, to the extent that this case involves a request for yet another extension of time, that question does not involve a clear, uncomplicated path to a decision. As will be discussed below, courts in this circuit are divided as to when or even if dismissing a *pro se* action for judicial review of a decision of the Commissioner of Social Security is an appropriate sanction for failure to comply with a court order to the claimant to brief his argument, especially because there is no authoritative teaching from the Sixth Circuit. A review of the relevant arguments on each side discloses the issues involved.

---

[6] ECF #'s 32, 33.

[7] ECF # 32.

[8] ECF # 33.

The common starting point for an analysis is the Rule itself. Rule 41(b) of the Federal Rules of Civil Procedure authorizes involuntary dismissal of a civil action for failure to prosecute or to comply with rules of procedure or a court order.[9] As the Sixth Circuit has observed, "[t]his measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."[10]

The Sixth Circuit further teaches that a district court considering a dismissal under Rule 41(b) should consider the following factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to comply could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.[11]

Although none of these factors is "outcome dispositive, ...a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct."[12]

This relatively straightforward approach is complicated in *pro se* cases seeking judicial review of the Commissioner's decision where the plaintiff has not filed a brief setting forth any specific reasons as to why that decision should be reversed. In that situation, while

---

[9] *Brinkley v. Comm'r of Social Security*, No. 14-13560, 2015 WL 1637598, at * 4 (E.D. Mich. April 13, 2015)(citation omitted).

[10] *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999).

[11] *Schafer v. City of Defiance Police Dept.,* 529 F.3d 731, 737 (6th Cir. 2008)(internal citations omitted).

[12] *Id*. at 537 (quoting *Knoll*, 176 F.3d at 363).

many courts have approved the outright dismissal of the claim after a Rule 41(b) analysis,[13] some courts in this Circuit have concluded that not briefing specific reasons for reversing the decision of the Commissioner is permitted by the statute, which only mandates that a plaintiff file a complaint.[14] These courts reason that a "plaintiff in a Social Security disability case ... has no burden to do anything in order to obtain judicial review of the administrative decision except to file a timely complaint."[15] They then conclude that "[o]nce the complaint and the copy of the record are filed, the Court has before it all that is necessary to enter a judgment on the merits."[16]

But, these courts do not say whether a court considering un-briefed claim from a *pro se* plaintiff should employ a truncated or limited form of review that flows from the fact that no specific arguments as to the purported deficiencies of the Commissioner's decision have been set forth by the plaintiff. Indeed, while it is axiomatic that courts are to liberally

---

[13] *See, Mosley v. Astrue*, No. 2:12 CV 836, 2013 WL 1316013, at * 1 (S.D. Ohio March 28, 2013)(This Court has often dismissed such cases where no statement of errors is filed, especially after the plaintiff has been warned that the Court will probably dismiss the case for that reason. *See, e.g. Duvall v. Comm'r of Soc.Sec.,* No. 2:12 CV 486, 2012 WL 5935950 (S.D. Ohio Nov. 27, 2012); *Johnston v. Comm'r of Soc. Sec.,* No.1;12 CV 232, 2012 WL 5395629 (S.D. Ohio Nov. 5, 2012). Other courts have done that as well. *See, e.g., Miles-Richardson v. Comm'r of Soc. Sec.,* 09-11275, 2010 WL 1790976 (E.D. Mich. May 3, 2010).

[14] *Kenney v. Heckler*, 577 F.Supp.2d 214 (N.D. Ohio 1983 (Krenzler, J.).

[15] *Wright v. Commissioner of Social Security,* No. 09 CV 15014, 2010 WL 5420990, at *1 (E.D. Mich. Dec. 27, 2010).

[16] *Id*. at * 2 (citing *Kenney*, 577 F. Supp. 2d 214).

construe arguments from such plaintiffs, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf."[17]

The trap for well-meaning courts in this situation was extensively discussed by a Michigan district court who addressed a situation where, as here, the *pro se* plaintiff in a Social Security case under 42 U.S.C. § 405(g) had not filed a brief in support of his claim, "thus provid[ing] no arguments in support of remand, and leaving the Court with little guidance as to why [the plaintiff] believes remand is appropriate."[18] The court analyzed the circumstances as follows:

> It would be entirely inappropriate for the Court to provide the same level of analysis to Social Security benefits claimants who do provide briefs in support of their claims and those who do not. That practice would turn the adversarial judicial system on its head, converting the courts into an advocate for claimants and opponent to the Commissioner, thereby compromising the Court's role as impartial adjudicator. Moreover, such a practice would undermine the important role played by Social Security benefits attorneys, who discover meritorious claims for remand and present them to the courts. Granting exhaustive review to non-briefed claims for remand would also vitiate the waiver principle, which provides that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Anthony v. Astrue*, 266 Fed.Appx. 451, 458 (6th Cir. 2008) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)); *Moody v. Astrue*, No. 2:10-CV-0084, 2011 WL 335863, at *1 (S.D. Ohio Jan. 31, 2011) ("[T]he failure to file a brief at all is a waiver of any issue which might require reversal of the administrative decision.").

---

[17] *Erwin v. Edwards*, 22 Fed. Appx. 579, 580 (6th Cir. 2001).

[18] *McLaurin v. Comm'r of Soc. Sec.*, No. 15-13912, 2016 WL 7664222, at *3 (E.D. Mich. Dec. 1, 2016).

-5-

> Providing exhaustive review to non-briefed claims would also create a perverse incentive for Social Security claimants to abstain from arguing in support of their claim. It would prove difficult for disability advocates to compete with a free, court-as-advocate service, given that a judge knows best what sort of arguments he or she finds most persuasive. Should the knowledge of this practice become widespread, Social Security benefits appeals would become increasingly taxing on the courts.[19]

It is noted that the well-stated concern that judicially reviewing non-briefed claims would have the perverse result of encouraging claimants to simply rely on the reviewing court to become their advocate. This understanding amply supports the majority view that such non-briefed claims may be dismissed after a Rule 41 analysis.

The *McLaurin* decision is persuasive in that there is a better option than total dismissal, particularly when, as here, the record is unclear as to if there has been "contumacious conduct" on the part of the plaintiff. In such a situation the *McLaurin* decision teaches that while "[t]he precise method for reviewing non-briefed Social Security appeals remains to be determined by the Sixth Circuit," such non-briefed claims could be considered under an "obvious error" standard.[20] This approach, which is modeled on the limited exception adopted by the Sixth Circuit for considering arguments raised for the first time on appeal, strictly limits review of non-briefed cases to a determination of whether the

---

[19] *Id*. at \*\* 3-4.

[20] *Id*. at \*4.

administrative decision contains an error that could not have been waived, such as the ALJ's failure to address whether the claimant met the listing for a severe impairment.[21]

Here, as the administrative record makes plain, the issue throughout the administrative process has been whether Parker has the required 40 quarters of covered earnings to qualify for retirement benefits.[22] Parker sought to be credited for the time she was self-employed during 2005 and 2006, which she alleged was proved by her federal income tax returns for those years.[23]

But, the ALJ ruled that while returns for these years were filed, they were filed in 2011, or more than 3 years, 3 months and 15 days after the close of the tax years in question.[24] As such, Social Security regulations did not permit these returns to be considered in Parker's case.[25] The ALJ further noted that the fact that the IRS had accepted these late-filed returns was irrelevant for purposes of this decision, which was based on Social Security regulations.[26] The Appeals Council affirmed that decision.[27]

Here, an analysis of the record establishes that Parker has essentially waived all claims but "obvious error" by failing to comply with my procedural order to file a brief in this case.

---

[21] *Id*.

[22] ECF # 17, Attachment (administrative record) at 15.

[23] *Id*. at 16-17.

[24] *Id*. at 17.

[25] *Id*.

[26] *Id*. at 18.

[27] *Id*. at 6.

Proceeding under that standard, my review, as detailed above, has been strictly limited, and that restricted review has disclosed no obvious error in the finding of the ALJ.

**Conclusion**

Therefore, I deny Parker's motion to reconsider my order denying her the appointment of counsel and deny Parker's motion for yet another extension of time. I recommend dismissing her action for judicial review on the grounds that there is no obvious error in the decision of the ALJ to deny her retirement benefits.

Dated: May 9, 2017　　　　　　　　　　　　　　s/ William H. Baughman, Jr.
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[28]

---

[28] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).